Filed 1/16/24  P. v. Tran CA4/3

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>       v.<br><br>TUAN THANH TRAN,<br><br>   Defendant and Appellant. | G062173<br><br>(Super. Ct. No. 12WF2714)<br><br>ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING; NO CHANGE IN JUDGMENT |

It is hereby ordered that the opinion filed on December 21, 2023, be modified as follows:

On page 5, in the second sentence of the third paragraph, the words "The parties' appellate briefing does not address, and," are deleted, and a subsequent comma is deleted, so the sentence reads:

We express no opinion regarding whether such correction will trigger the need for a full resentencing as to all counts.

There is no change in the judgment.

The petition for rehearing is DENIED.


_____
DELANEY, J.

WE CONCUR:


_____
BEDSWORTH, ACTING P. J.


_____
MOTOIKE, J.

Filed 12/21/23  P. v. Tran CA4/3 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>TUAN THANH TRAN,<br><br>　　　Defendant and Appellant. | G062173<br><br>(Super. Ct. No. 12WF2714)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Kimberly Menninger, Judge.  Reversed and remanded with directions.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

*　　　*　　　*

Defendant Tuan Thanh Tran, who is presently serving an indeterminate prison sentence after being convicted of, inter alia, premeditated attempted murder and two counts of attempted voluntary manslaughter, appeals from a postjudgment order denying his request to correct an allegedly illegal sentence. He contends the original sentencing court erroneously failed to impose a sentence for one convicted count before staying the sentence pursuant to Penal Code section 654[1], and it committed the same error as to various firearm related enhancements. From his perspective, the problem was compounded years later when he brought the issue to the trial court's attention during a sentencing related proceeding and the trial court recognized, but declined to correct, the sentence. Like the Attorney General, we agree portions of defendant's sentence are unauthorized. Accordingly, we reverse and remand the matter to the trial court for correction of the unauthorized sentences, which shall include consideration of whether full resentencing on all counts is necessary under the circumstances.

## FACTS

In May 2015, a jury found defendant guilty of willful, deliberate and premeditated attempted murder (count 1; §§ 187, subd. (a), 664, subd. (a)), two counts of attempted voluntary manslaughter (counts 2 & 3; §§ 192, subd. (a), 664, subd. (a)), and shooting at an occupied motor vehicle (count 4; § 246). It also found true all alleged firearm enhancements (§§ 12022.5, subd. (a), 12022.53, subds. (c) & (d)). Prior to sentencing, the trial court found true defendant had a prior serious and violent felony (§§ 667, subds. (d) & (e)(1), 1170.12, subd. (b)), and a prior serious felony (§§ 667, subd. (a)(1), 1192.7).

At a December 2015 sentencing hearing, the trial court indicated its intent to sentence defendant to a total term of 37 years to life in prison. It took the following

---

[1]        All further statutory references are to the Penal Code.

2

actions: for count 1, it imposed an indeterminate term of seven years to life, plus a consecutive 25 years to life for the discharging a firearm causing great bodily injury enhancement (§ 12022.53, subd, (d)), and it left unaddressed the remaining firearm enhancements (§§ 12022.53, subd. (c), 12022.5, subd. (a)); for counts 2 and 3, it imposed concurrent three-year terms, it stayed execution of a sentence for the personal use of firearm enhancements (§ 12022.5, subd. (a)) without imposing a sentence, and it dismissed the personal discharge of firearm enhancements (§ 12022.53, subd. (c)); and for count 4, it did not impose a sentence and instead, pursuant to section 654, stayed imposition of the sentence for the count and its associated discharge of a firearm causing great bodily injury enhancement (§ 12022.53, subd., (d)). With respect to the prior convictions, the court imposed a consecutive five-year term for the prior serious felony (§ 667, subd. (a)(1)), and it struck the other prior for sentencing purposes only (§ 667, subds. (d) & (e)(1)).

Another panel of this court affirmed defendant's conviction in an appeal which did not raise any sentencing issues. (*People v. Tran* (Sept. 27, 2017, G053008) [nonpub. opn.].)

In a letter dated July 2020, the California Department of Corrections and Rehabilitation (CDCR) notified the trial court that the abstract of judgment and/or minute order "may be in error, or incomplete" for specified reasons. It brought three matters to the court's attention: (1) as to count 1, the court's unnecessary modification of box 6a of the abstract, as well as a lack of clarity whether the attempted murder was willful, deliberate, and premeditated, without which the proper sentence would instead be a determinate 5, 7, or 9 years rather than an indeterminate life term; (2) the improper listing of the prior serious and violent felony as an enhancement with a separate term even though the court's minutes reflect the prior was stricken for sentencing purposes and such a prior does not carry a separate term; and (3) the unnecessary modification of box 6b and redundant listing there of the indeterminate 25 years to life enhancement (§ 12022.53,

3

subd. (d)).  In closing, CDCR requested the court "[p]lease review [its] file to determine if correction [was] required."

The trial court filed CDCR's letter in February 2022 and the case was reassigned.  Defendant and the People filed written briefs indicating their positions on the appropriate steps for the court to take in light of the letter.  Defendant urged the court to recall his sentence and correct the errors made at the original sentencing hearing.  Among the errors he noted was the court's failure to impose a sentence for count 4, an enhancement associated with that count, and an enhancement associated with count 3, before staying execution of those sentences pursuant to section 654.  He believed full resentencing was needed and the court was obligated to apply current law as to all counts and enhancements.  The People expressed no position on the need for full resentencing, instead indicating if the court was inclined to do so it should sentence defendant to the same total term of 37 years to life in prison and outlined how that would be achieved as to the various counts, enhancements and priors.

In January 2023, the court held a hearing on the matter.  It viewed the CDCR letter as a "fix-it" request that did not reopen sentencing but instead only necessitated clerical correction of the abstract of judgment.  Accordingly, from its perspective, it could just "leave the illegal sentence in place" and instead focus on "try[ing] to clean [the abstract] up as best [as it could] because there's [sic] some major errors."

The court made various modifications to the abstract of judgment, but left it unchanged as to count 4 and the associated enhancement.  As to that count, it reasoned as follows:  "And then on count 4[,] the sentence which is not stated is stayed under [section] 654.  And that's the one that has a 3-5-7 sentence.  So I'm not going to correct that.  I'm just going to leave it as stayed by [section] 654 because [the original sentencing judge] doesn't make it clear, and I don't know what he intended."

Defendant timely appealed.

4

**DISCUSSION**

Defendant contends his sentences as to count 4 and several firearm enhancements are illegal because the original sentencing court stayed execution of the sentences pursuant to section 654 without first imposing a term for each, and the trial court erred in not correcting the problem when brought to its attention after the CDCR's letter. The Attorney General agrees the sentence is unauthorized, as do we.

Section 654 dictates how an act or omission that is punishable in different ways by different provisions of law shall be punished. The underlying principle is a defendant may not be subjected to multiple punishments for the single act or omission. (*People v. Duff* (2010) 50 Cal.4th 787, 796.) "Originally, some controversy existed regarding the appropriate procedure for sentencing courts to follow in carrying out the mandate of section 654." (*Id.*, at p. 795.) The Supreme Court eventually resolved the uncertainty. "[W]hen a court determines that a conviction falls within the meaning of section 654, it is necessary to *impose* sentence but to stay the *execution* of the duplicative sentence." (*Id.*, at p. 796.) Failure to impose a sentence prior to the stay amounts to an unauthorized sentence which may be corrected at any time.[2] (*People v. Pelayo* (1999) 69 Cal.App.4th 115, 122; see *People v. Crabtree* (2009) 169 Cal.App.4th 1293, 1327.)

Due to the original sentencing court's error in applying section 654 in this case, and the subsequent trial court's failure to remedy the error, we must remand the matter for correction of the unauthorized sentences. The parties' appellate briefing does not address, and we express no opinion regarding, whether such correction will trigger the need for a full resentencing as to all counts. (See, e.g., *People v. Buycks* (2018) 5

---

[2]     Assembly Bill No. 518 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 441), effective January 1, 2022, amended section 654, subdivision (a) to provide the trial court with greater discretion in selecting a term of punishment for an act or omission which is punishable in different ways by different provisions of law. (*People v. Mani* (2022) 74 Cal.App.5th 343, 379.) The legislation did not impact how a trial court must pronounce sentence when the statute is implicated. (*Id*. at p. 380.)

5

Cal.5th 857, 893 ["[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances'"].)  Resolution of that issue is properly left to the trial court on remand.

## DISPOSITION

The postjudgment order is reversed.  On remand, the trial court shall take appropriate steps to correct the unauthorized sentences on count 4 and the enhancements for which a sentence term was not imposed prior to its stay pursuant to section 654, which shall include consideration of whether full resentencing on all counts is necessary under the circumstances.


DELANEY, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOTOIKE, J.